Padilla v Estate of James Clayton Larmett (2024 NY Slip Op 04821)

Padilla v Estate of James Clayton Larmett

2024 NY Slip Op 04821

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

File No. 1152B/21 Appeal No. 2700 Case No. 2023-05763 

[*1]Jose Rafael Padilla, Plaintiff-Appellant,
v
The Estate of James Clayton Larmett, Deceased, Defendant-Respondent.

Mandel & Mandel, New York (Stephen N. Weiss of counsel), for appellant.
Hughes Hubbard & Reed LLP, New York (Meaghan Gragg of counsel), for respondent.

Order, Surrogate's Court, New York County (Hilary Gingold, S.), entered on or about October 16, 2023, which granted defendant estate's motion for summary judgment dismissing plaintiff's claims against the estate with prejudice, and denied plaintiff's motion for summary judgment to enforce a claim against the estate, unanimously affirmed, without costs.
The only written evidence that plaintiff presented to the court of decedent's alleged promise to make a testamentary disposition consisted of the April 5, 2020, and January 29, 2021 "will questionnaires" that decedent allegedly completed on a form provided by a prepaid membership legal service called "Legal Shield." Plaintiff claims that he sent the second of these to Legal Shield by fax in or about late January 2021. Decedent died on February 15, 2021. There is no claim that any will based on either questionnaire was ever prepared, and the only will in evidence was decedent's February 19, 2016 will, which makes no provision for plaintiff.
An individual may agree in writing to make an enforceable testamentary bequest provided that it "indisputably demonstrate[s] decedent's intent to renounce her right to freely execute a subsequent will during her lifetime" (Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 86 [2008]; see also EPTL 13-2.1). This requirement is necessary because "a will is ambulatory in nature and is ordinarily revocable during the life of the testator . . . . [, e]ven after due execution of a will, testators also retain unfettered authority to dispose of all property during their lifetimes . . . . Individuals may by agreement . . . validly surrender their power of revocation . . . . [, but] the law strictly scrutinizes the renunciation of the right to revoke a will and requires a threshold showing of clear and unambiguous evidence to give effect to this surrender of rights" (Blackmon v Estate of Battcock, 78 NY2d 735, 739 [1991] [internal citations omitted]).
Here, the motion court "correctly concluded that petitioner failed to present indisputable evidence of a contract" to make a testamentary bequest to plaintiff (Matter of American Comm. for Weizmann Inst. of Science, 10 NY3d at 93). The questionnaires fail to satisfy the statute of frauds (see EPTL 13-2.1[a][2]). Neither questionnaire clearly evidences all of the material terms of a binding contract. Neither "unequivocally renounce[s] decedent's right to execute a will making no provision for petitioner" and neither sets forth any consideration for the alleged promise (Matter of Am. Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d at 93). Accordingly, plaintiff failed to make the requisite showing (see id. at 93).
Furthermore, because the questionnaires do not clearly evidence a promise to make a bequest to plaintiff, neither this Court nor the motion court may consider parol evidence to clarify decedent's intent (id.). Even if we could do so, the record demonstrates in several ways that decedent [*2]had not made a final decision about a bequest to plaintiff and other aspects of his will. First, the size of the bequest to plaintiff and the charities listed as beneficiaries were different in each of the questionnaires. Second, the record reflects that, other than allegedly having plaintiff fax the second questionnaire to Legal Shield, decedent took no further steps to make a new will. In addition, plaintiff testified at his deposition that, after decedent allegedly promised to leave a portion of his estate to plaintiff, decedent also considered appointing his nephew as executor and making a cash bequest to his nephew. Decedent's nephew's affidavit states that his uncle had asked him in 2020 if he was willing to be the executor in place of the executor named in his 2016 will, and he replied that he was. That affidavit makes no mention that decedent had any intention to make a bequest to plaintiff. Furthermore, while the January 29, 2021 questionnaire lists decedent's nephew as an "alternate" "executor/representative," it is silent as to a bequest to the nephew. While none of these changes was effectuated, the contradictory evidence in the record about them demonstrates that decedent did not view the bequests or other specific items noted in the questionnaires as final and unalterable. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024